# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: X.M. and Y.M.

No. 17-0703 (Taylor County 16-JA-54 & 16-JA-55)

**FILED**

**December 1, 2017**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father, J.M., by counsel Aaron P. Yoho, appeals the Circuit Court of Taylor County's July 10, 2017, order terminating his parental rights to X.M. and Y.M.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Allison C. Iapalucci, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating his parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In August of 2016, the DHHR filed an abuse and neglect petition against petitioner that alleged he committed domestic violence against the mother by pushing her down and choking her when she told petitioner that she wanted to put X.M. to bed before having intercourse, as he requested. The petition also alleged that petitioner frequently abused alcohol and consumed seven forty-ounce containers of beer prior to this episode of violence. Further, the petition alleged that petitioner spent most of his income on alcohol. Finally, the petition alleged that petitioner verbally abused the mother and the children by calling the mother a "whore" and calling X.M. a "bastard," and telling him to "shut the hell up."

The circuit court held a preliminary hearing wherein petitioner admitted on the record that he is an alcoholic; perpetrated domestic violence against multiple women, including the mother; and spent the majority of his income on alcohol, all to the detriment of his children. All parties agreed to treat those admissions as a stipulated adjudication and the circuit court granted petitioner a six-month post-adjudicatory improvement period.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

In March of 2017, the circuit court held a dispositional hearing wherein petitioner moved for a post-dispositional improvement period. According to the DHHR, following his adjudication for abuse and neglect, petitioner failed to avail himself of the assistance offered to him to secure inpatient treatment for his alcoholism. Also, according to the DHHR, petitioner entered guilty pleas to one count of strangulation and one count of second offense domestic battery and was sentenced to a total of two to five years in prison. The circuit court found that petitioner was given an opportunity to participate in a community corrections program, but failed to participate. The circuit court also found no reasonable likelihood that petitioner could substantially correct the issues of abuse and neglect in the near future, denied his motion for a post-dispositional improvement period, and terminated his parental rights in its July 10, 2017, order.[2] It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the proceedings below.

Petitioner argues that the circuit court erred in denying him a less-restrictive dispositional alternative than the termination of his parental rights. Petitioner argues that the main cause of abuse and neglect was his severe addiction to alcohol, which led to his severe mood swings and violence toward the mother. Petitioner further argues that, due to his incarceration, he has not consumed alcohol, which "may have rectified the deficiencies in his parenting that were originally alleged." Petitioner asserts that he "deserves the opportunity to be a father when he is released and, likewise, his children deserve to have the opportunity for a relationship with their now sober father." We do not find these arguments compelling.

Here, it is clear that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse or neglect in the near future. When petitioner was granted an improvement period, he failed to make himself available for services or treatment for his alcohol

---

[2]The mother is a non-abusing parent. The permanency plan is for the children to remain with her.

abuse. On appeal, petitioner blames the abuse and neglect, including his perpetration of domestic violence, on his addiction to alcohol. However, in the circuit court, petitioner did not present any evidence that he sought to remedy these issues, despite the DHHR's offer of services designed to achieve this goal. Further, during his improvement period, petitioner was sentenced to consecutive terms of incarceration for strangulation and second offense domestic battery. Although petitioner asserts that because he is sober due to his incarceration, he presents no evidence that he will take precautions to remain sober once he is released from incarceration. Moreover, the circuit court found that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future and evidence supported that termination was necessary for the children's welfare.

West Virginia Code § 49-4-604(b)(6) provides that circuit courts are to terminate parental rights upon findings that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the children's welfare. West Virginia Code § 49-4-604(c)(3) provides that no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected exists when "[t]he abusing parent . . . ha[s] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts[.]" Further, we have previously held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W. Va.Code [§] 49-6-5 [now West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W. Va.Code [§] 49-6-5(b) [now West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). Therefore, we find no error in the circuit court's termination of petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its July 10, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**: December 1, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

3